25-12253

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

BRIAN BAKER and SHALLYN BAKER
as personal representatives of
the Estate of TREVOR BAKER,
*Plaintiffs-Appellants*

v.

LONE STAR WHEEL COMPONENTS LLC,
CHAMPION HOME BUILDERS, INC.,
ACE TIRE & AXLE INC., and
ACE TIRE & AXLE LLC,
*Defendants-Appellees*

Appeal from the United States District Court
for the Middle District of Florida, Tampa division

8:24-cv-01510-KKM-CPT

## JOINT RESPONSE TO JURISDICTIONAL QUESTION
## AND MOTION TO AMEND COMPLAINT

| | |
|---|---|
| **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP** | **CREED & GOWDY, P.A.** |
| **Donna M. Krusbe** | */s/ Alison E. Preston* |
| donna.krusbe@wilsonelser.com | **Alison E. Preston** |
| 515 North Flagler Drive, Suite 350 | apreston@appellate-firm.com |
| West Palm Beach, FL 33401 | filings@appellate-firm.com |
| (561) 515-4000 | **Dimitrios A. Peteves** |
| *Counsel for Lone Star Wheel Components LLC* | dpeteves@appellate-firm.com |
| | 865 May Street |
| | Jacksonville, FL 32204 |
| | (904) 350-0075 |
| | *Counsel for Appellants* |

*(continued on next page)*

**Conroy Simberg**
**Hinda Klein**
hklein@conroysimberg.com
3440 Hollywood Boulevard, 2d Floor
Hollywood, FL 33021
(954) 961-1400
*Counsel for Champion Home Builders, Inc.*

**Wicker Smith O'Hara McCoy & Ford, P.A.**
**Alyssa M. Reiter**
areiter@wickersmith.com
515 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
(954) 847-4800
*Counsel for Ace Tire & Axle Inc. and Ace Tire & Axle LLC*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In compliance with 11th Cir. R. 26.1-1, Appellants—Brian Baker and Shallyn Baker as personal representatives of the Estate of Trevor Baker—certify that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

1. Ace Tire & Axle Inc., *Appellee*
2. Ace Tire & Axle LLC, *Appellee*
3. Baker Mobile Home Transport LLC, *Non-Party*
4. Baker, Brian as personal representative of the Estate of Trevor Baker, *Appellant*
5. Baker, Shallyn as personal representative of the Estate of Trevor Baker, *Appellant*
6. Camarena, Kayli R.T., *Counsel for Appellees Ace Tire & Axle Inc. and Ace Tire & Axle LLC*
7. Champion Home Builders, Inc., *Appellee*
8. Coffey, Jerry, *Member of Lone Star Wheel Components, LLC*
9. Conroy, Simberg, Ganon, Krevans & Abel, LLP, *Counsel for Appellee Champion Home Builders, Inc.*

10. Creed & Gowdy, P.A., *Counsel for Appellants*

11. Distasio, John C., *Counsel for Appellants*

12. Ducky Recovery LLC, *Non-Party*

13. Freeman, Nicholas D., *Counsel for Appellee Lone Star Wheel Components LLC*

14. Garcia Perez, Juan Carlos, *Non-Party*

15. Global Axle, LLC, *Member of Lone Star Wheel Components, LLC*

16. Greco, James P., *Counsel for Appellee Lone Star Wheel Components LLC*

17. Hull, Jason R., *Counsel for Appellees Ace Tire & Axle Inc. and Ace Tire & Axle LLC*

18. Keenan, Kyle, *Non-Party*

19. Lone Star Wheel Components LLC, *Appellee*

20. Mizelle, Kathryn K., *United States District Judge*

21. Nilsen, David W., *Counsel for Appellee Champion Home Builders, Inc.*

22. Peteves, Dimitrios A., *Counsel for Appellants*

23. Preston, Alison E., *Counsel for Appellants*

24. Professional Tile Loaders, Inc., *Non-Party*

25. Rawls, Ronald S., *Counsel for Appellants*

26. Reed, Michael E., *Counsel for Appellees Ace Tire & Axle Inc. and Ace Tire & Axle LLC*

27. Roberts III, James H., *Member of Global Axle, LLC and Ace Tire & Axle, LLC*

28. Salahutdin, Taira, *Counsel for Appellee Champion Home Builders, Inc.*

29. Self, Linda, *Member of Lone Star Wheel Components, LLC and Axe Tire & Axle, LLC*

30. The Florida Law Group, *Counsel for Appellants*

31. Tuite, Christopher P., *United States District Magistrate Judge*

32. Wicker Smith O'Hara McCoy & Ford, P.A., *Counsel for Appellees Ace Tire & Axle Inc. and Ace Tire & Axle LLC*

33. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, *Counsel for Appellee Lone Star Wheel Components LLC*

/s/ <u>*Alison E. Preston*</u><br>Attorney

# JOINT RESPONSE TO JURISDICTIONAL QUESTION AND MOTION TO AMEND COMPLAINT

Plaintiffs-Appellants Bryan and Shallyn Baker, as personal representatives of the estate of Trevor Baker, respond to this Court's jurisdictional question dated July 28, 2025. Plaintiffs also move to amend their complaint.

Plaintiffs' counsel has conferred with counsel for Defendants-Appellees and is authorized to represent that Defendants-Appellees join this response.

**I. Whether the relevant pleadings sufficiently allege the parties' citizenship so as to invoke the district court's diversity jurisdiction in the first instance.**

Plaintiffs acknowledge that the pleadings do not sufficiently allege the parties' citizenship.

For Plaintiffs, the operative complaint alleges that they are "residents" of Florida. Doc. 52, ¶ 2. But they are the legal representatives of Trevor Baker's estate, and a "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

For Defendants, the operative complaint alleges that Lone Star and Ace LLC were "Texas corporation[s]" with their "principal place[s]

of business" in Texas, Doc. 52, ¶¶ 3, 5, and that Champion was a "Michigan corporation with its principal place of business" in Michigan, *Id.* ¶ 6.[1] But Lone Star and Ace are limited-liability companies, and "[w]hen determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). And Champion, although in fact a corporation, was incorporated in Delaware, not Michigan. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

While still in district court, Plaintiffs tried to fix these defects by moving to amend the operative complaint and proffering the fourth amended complaint, Docs. 101, 101-1, but that motion was denied, Doc. 106.

---

[1] The previous complaint listed both Ace Tire & Axle, LLC and Axe Tire & Axle, Inc. The latter entity did not exist. In April 2019, Ace Tire & Axle, Inc. converted into Ace Tire & Axle, LLC. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

## II. Whether the allegations should be amended on appeal, pursuant to 28 U.S.C. § 1653, to cure any jurisdictional deficiencies in the current pleadings.

Plaintiffs submit that an amendment is appropriate and therefore move to amend their complaint pursuant to 28 U.S.C. § 1653. Specifically, Plaintiffs move to amend paragraphs 2 to 6 of their complaint to state:

> 2. When the initial complaint in this case was filed on June 21, 2024,[2] diversity jurisdiction existed under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeded $75,000 and the parties were "citizens of different states." Specifically, the parties had the following citizenships.
>
> 3. Plaintiffs Brian Baker and Shallyn Baker were the personal representatives of the Estate of Trevor Baker. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The decedent, Trevor Baker, was a citizen of Ohio because he was domiciled in Ohio. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). Specifically, Trevor Baker resided in Ohio and intended to remain there indefinitely. Accordingly, Plaintiffs were citizens of Ohio.

---

[2] "Diversity of the parties is determined at the time that the complaint is filed . . . ." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2020); *see also Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." (citation omitted)).

4. Defendant Lone Star Wheel Components, LLC was a limited-liability company. Its members were Jerry Coffey, Linda Self, and Global Axle, LLC. As set forth below, these members were citizens of Texas and Georgia. Accordingly, Defendant Lone Star Wheel Components, LLC was a citizen of Texas and Georgia. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of.").

    a. Jerry Coffey was a citizen of Texas because he was domiciled in Texas. Specifically, Jerry Coffey resided in Texas and intended to remain there indefinitely.

    b. Linda Self was a citizen of Georgia because she was domiciled in Georgia. Specifically, Linda Self resided in Georgia and intended to remain there indefinitely.

    c. Global Axle, LLC was a limited-liability company. Its sole member was James H. Roberts III, who was a citizen of Texas because he was domiciled in Texas. Specifically, James H. Roberts III resided in Texas and intended to remain there indefinitely. Accordingly, Global Axle, LLC was a citizen of Texas.

5. Defendant Champion Home Builders, Inc., was a corporation incorporated in Delaware with its principal place of business in Michigan. Accordingly, Champion Home Builders, Inc. was a citizen of Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

6. Defendant Ace Tire & Axle, LLC was a limited-liability company.[3] Its members were Linda Self and James H. Roberts III. As noted above, Linda Self was a citizen of Georgia and James H. Roberts III was a citizen of Texas. Accordingly, Ace Tire & Axle, LLC was a citizen of Georgia and Texas.

Section 1653 "should be construed liberally." *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980). Moreover, this Court "urge[s]" parties "to agree both upon the grant of leave to file such amendment and upon the truth of the allegations of such amendment unless there is a bona fide dispute about the citizenship of [a party]." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

### III. Whether current record evidence adequately establishes the parties' citizenship.

The district court decided this case at the pleadings stage, so there is no record evidence. Defendants had not even filed their answers. The allegations of the complaint control. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("[T]he existence of

---

[3] The previous complaint listed both Ace Tire & Axle, LLC and Axe Tire & Axle, Inc. The latter entity did not exist. In April 2019, Ace Tire & Axle, Inc. converted into Ace Tire & Axle, LLC. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

5

federal jurisdiction at the pleading stage is to be determined based on the contents of the complaint . . . .").

IV. **Whether the record should be supplemented with additional evidence to demonstrate the parties' citizenship.**

As set forth *supra* § III, this case is at the pleading stage, so "the existence of federal jurisdiction . . . is to be determined based on the contents of the complaint." *Id.*

## CONCLUSION

The Court should grant leave to amend the complaint as set forth above.

CREED & GOWDY, P.A.

/s/ *Alison E. Preston*
**Alison E. Preston**
apreston@appellate-firm.com
filings@appellate-firm.com
**Dimitrios A. Peteves**
dpeteves@appellate-firm.com
865 May Street
Jacksonville, Florida 32204
(904) 350-0075
*Counsel for Appellants*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1299 words, not including items excluded by Rule 32(f).

/s/ *Alison E. Preston*  
Attorney